Battle, J.
 

 We are clearly of opinion that his Honor, in the Court below, erred in rejecting the testimony offered on the part of the relators to prove the execution of the bond declared on. It being the official bond of Alexander C. Currie, as clerk of the county court of Moore, the rule of evidence, which requires the production of the subscribing witness to prove the execution of a private instrument, did not apply to it. In the case of
 
 Kello
 
 v.
 
 Maget,
 
 1 Dev. and Bat. 414, it was held by the Court, in relation to a guardian bond, that “ when a suit is brought, its execution may be denied by a plea, for it does not import
 
 absolute verity.
 
 But it is yet a document partaking of a public nature, taken by public authority, having a high character of authenticity, and it requires not that it should be verified by the ordinary, tests of truth applied to merely private instruments, the obligation of an oath and the power of cross-examining witnesses, on whose veracity the truth of such instruments depends. Confidence is due to it, because of the authority of the Court by whom it was taken, and «whom the State, in the discharge of the parental duties which it owes to- orphans, has empowered to take it.” This rule seems to be founded in reason and good sense, and applies with as much, if not more force, to the official bonds of clerks, sheriffs and other public officers, as to those of guardians. See Starkie on Evidence, 195. In coming to the conclusion that the rule thus laid down in
 
 Kello
 
 v.
 
 Maget,
 
 is a sound one, and ought to be-followed, we have not overlooked an expression which fell from Nash, J., in delivering-the opinion of the Court ift the case of
 
 Butler
 
 v.
 
 Durham,
 
 3 Ire. Eq. 589. It was that “ a guardian bond is not a record, and
 
 *44
 
 before it can be used as 'evidence, in any case, it must be proved like all other cases of a similar kind by the subscribing witness, if there be one.” The point decided, and the only one necessary to be decided, was, that the mere
 
 certificate
 
 of the clerk, that a certain, paper was the copy of a guar-' dian bond, was no proof of the fact, that it was a guardian bond:; for, says the Judge, “we know ■of no law authorising the clerk to
 
 certify
 
 a paper and thereby -authenticate it under his private seal.” In the case now before the Court, there was no question as to the identity of the obligors, and we think the bond ought to have been read in evidence upon the proof introduced by the relators without requiring the production of the subscribing witness. That proof, however, was not conclusive, and it was open to the obligors to rebut it by showing that what purported to be their obligation, had never, am fact, been executed by them.
 

 If there were any doubt about the rule laid down in
 
 Kello
 
 v.
 
 Maget,
 
 as to the proof of official bonds at common law, there can be none that it has been established by statutory ■enactments. By the 9th section of the 19th chapter of the Revised Code, taken from the 8th section of the 19th chapter ■of the Revised Statutes, it is declared that “ the courts of pleas and quarter sessions shall cause all bonds taken before them of the clerks of their respective courts to be acknowledged or proved in open court, and endorse thereon a certificate of such acknowledgment ©r probate, which certificate shall be signed by the justice who presides in the oourt at the time such acknowledgment or proof is made,” which bonds are then required to be deposited in the office of the clerk of the superior court of the respective counties. By the two next succeeding sections, it is made the duty of the clerks of the superior courts to have these bonds registered in the register’s office of their respective counties ; and then to keep the originals in the same manner as they keep the records <of their office. In connection with this, the 16th section of the 3(Tth ■chapter of the Revised Code, taken from the act of 1846, chap. 68, sec. 1, provides “that the registry or duly certified
 
 *45
 
 copy of the record of any deed, power of attorney, or other instrument required or allowed to be
 
 registered or recorded, may
 
 be given in evidence in any court, and shall be held to be full and sufficient evidence of such deed, power of attorney, or other instrument, although the party offering the same shall be entitled to the possession of the original, and shall not account for the non-production thereof.” The general words of this section will, certainly, embrace official bonds which are required to be proved and registered, and we have no doubt that it was intended to embrace them, because a clause in the 9th section of th^l9th chapter of the Revised Statutes, which said that
 
 “
 
 on the destruction or loss of the original a certified copy of the said bond shall be received in evidence,” is omitted in the corresponding section and chapter of the Revised Code. It can hardly be supposed that such a statutory provision would have been omitted in one part of the Code, unless it was intended and believed to be contained in another. If then, the certified copy of the bond, in question, was sufficient evidence of its execution on the trial, without other proof, of course, the original, which had been proved and registered as required by the statute, could not be less so. See
 
 State v. Lewis,
 
 3 Hawks, 410.
 

 Per Curiam,
 

 Judgment reversed.